UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RICHARD AND JUDITH FICKES
on behalf of themselves and
all others similarly situated,

        Plaintiffs,

vs.                      CASE NO.:  6:11-CV-1614-Orl-22 DAB

VOLKSWAGEN GROUP OF AMERICA,
INC.,

        Defendant.

_____/

**DEFENDANT, VOLKSWAGEN GROUP OF AMERICA, INC.'S
DISPOSITIVE MOTION TO DISMISS OCTOBER 4, 2011
COMPLAINT, WITH INCORPORATED MEMORANDUM OF LAW**

The Defendant, VOLKSWAGEN GROUP OF AMERICA, INC. ("VWGoA"), hereby files this Dispositive Motion to Dismiss Plaintiffs' October 4, 2011 Complaint, with Incorporated Memorandum of Law.

This Motion to Dismiss is being filed pursuant to Fla. M.D. L. R. 3.01(a), and Fed. R. Civ. P. 12(b)(6).

VWGoA would state, as a basis for the dismissal of the Complaint, the following:

1.      The First "Cause of Action," under the Florida Deceptive and Unfair Trade Practices Act, F.S.A. Ch. 501 ("FDUTPA")  must be dismissed on the grounds that it fails to state a claim upon which relief can be granted.

        a.  Plaintiffs have failed to plead the circumstances constituting fraud with particularity, pursuant to Fed. R. Civ. P. 9(b).

b. In addition, Plaintiffs, have failed under Rule 8, Fed.R.Civ.P. to allege facts plausibly establishing a causal nexus between the alleged vague and unspecified deceptive practices in 2004, in connection with the original sale of the Fickes' vehicle to someone else, and either the 2008 used car purchase by Mr. and Mrs. Fickes or the damage allegedly sustained by them in June 2011. Plaintiffs have also failed to allege facts establishing how defendant's alleged 2004 representation that their vehicle "was in good condition and fit for its intended purpose" – which was true at all times up to the time of the repair in 2011 – could constitute a deceptive act or practice under FDUTPA.

2.     The Second "Cause of Action," which seeks to recover only for damage sustained to the allegedly defective product itself under a theory of negligence, is barred by Florida's Economic Loss Doctrine.

3.     The Complaint fails to plead facts which establish that the alleged "defect" which forms the basis for this action actually manifested itself in Plaintiffs' vehicle. As such, Plaintiffs have failed to plead the essential element of damages caused by the alleged defect. Plaintiffs' individual claims, and their attempt to allege a Class Action under Rule 23(b)(3) for persons as to whom, as with Plaintiffs, the alleged "defect" has not been manifested in the specified vehicles, must be dismissed.

WHEREFORE, the Defendant, VWGoA, hereby requests the Court enter an Order dismissing the Complaint, and for such other and further relief as to the Court shall appear just and proper.

2

## MEMORANDUM OF LAW

Plaintiffs have failed to state a claim for relief on either of the two "Causes of Action" alleged in the Complaint.  Their claims, and with them this action, should be dismissed at the threshold under Fed. R. Civ. P. 12(b)(6).

It is fundamental that a plaintiff may not commence and maintain a putative "class action" in the absence of a viable claim on his or her own behalf.  See, e.g., *Weinberger v. Retail Credit Corp.*, 498 F.2d 552, 556 (4th Cir. 1974) ("Being barred from suit himself, [plaintiff] is not a member of the class he seeks to represent . . . and thus does not fulfill the first prerequisite of Fed. R. Civ. P. 23(a)"); *Kaufman v. Dreyfus Fund*, 434 F.2d 727,734 (3rd Cir. 1973) ("[A] predicate to [a party's] right to represent a class is his eligibility to sue in his own right.  What [a plaintiff] cannot achieve himself, he may not accomplish as a representative of a class.")  See, also, e.g., *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1066 n.5 (5th Cir. 1994); *Miller v. Champion Enter., Inc.*, 346 F. 3d 660, 671 (6th Cir. 2003); ; *Kaplan v. Utilicorp United, Inc*., 9 F.3d 405, 407 (5th Cir. 1993)(same); *Conteras v. Toyota Motor Sales U.S.A.*, 2010 U.S. Dist. Lexis 60479 (N.D. Cal. June 18, 2010); *Sanchez v. Wal-Mart Stores*, 2008 W.L. 3272101 (E.D. Cal. August 6, 2008).

This Court has accordingly dismissed putative class complaints under Rule 12(b)(6) where, as in this action, the named plaintiffs fail to state a valid claim for relief. <u>See</u>, *Ironworkers Local Union No. 68 v. AstraZeneca Pharmaceuticals, LP,* 223 F.R.D. 659 (M.D. 2004)(Conway, C.J.); *Baptista v. JP Morgan Chase Bank N.A.,* 2010 WL 2342436 (M.D. Fla. 2010)(Conway, C.J.)   Plainly, this motion is proper at this stage, as

the Complaint, viewed under the requisite standards, fails to state a valid claim for relief

on behalf of Plaintiffs.

1. **PLAINTIFF'S FIRST "CAUSE OF ACTION," A FDUTPA CLAIM, FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

Plaintiffs' First "Cause of Action" (Complaint, ¶¶ 28-39), under FDUTPA, is

comprehensively deficient under Fed. R. Civ. P. 9(b) and Fed. R. Civ. P. 8.   It must be

dismissed.

> a. **The Complaint fails to state the circumstances of defendant's alleged deceptive acts or practices "with particularity," as required by Rule 9(b).**

As this Court has recognized, in addition to the customary pleading standards

applicable under Fed. R. Civ. P. 8, a FDUTPA claim must meet the "heightened pleading

standard requirements" of Fed. R. Civ. P. 9(b), requiring that circumstances constituting

fraud be "stated with particularity."   *Meitis v. Park Square Inter., Inc.*, 2009 W. L.

703273 at *6 (M.D. Fla. 2009) (Conway, C.J.)   *Accord, Stires v. Carnival Corp.*, 243 F.

Supp. 2nd 1313, 1322 (M.D. Fla. 2002); *Fla. Digital Network v. N. Telecom, Inc.*, 2006

W. L. 2523163, at *5 (M.D. Fla. August 30, 2006).   In this case, notwithstanding the

length of the Complaint, Plaintiffs have failed to "state with particularity the

circumstances constituting fraud" with respect to their FDUTPA claim.

This lack of particularity is doubly significant because Mr. and Mrs. Fickes did

not purchase their 2004 Beetle Convertible until May 2008, as a used car from a Chrysler

dealership. (Id., ¶ 6)  Plaintiffs' second hand purchase was more than four years after the

time when the Complaint acknowledges that VWGoA's efforts to market or advertise any

model year 2004 vehicle ended. (Complaint,¶ 6)   This was also, by Plaintiffs' own admission, after the 4 year written express warranty on the vehicle issued by VWGoA had expired. (*Id*. ¶ 11)   Moreover, the fuse box replacement which brings Plaintiffs to court did not occur until June 2011.  (*Id*., ¶ 13)  By this time, the vehicle had been in the Fickes' hands for more than three years and was approaching its eighth anniversary on the road.

Central to the Plaintiffs' FDUTPA claim, the relevant paragraphs of the Complaint nowhere identify "with particularity" – or for that matter at all – any specific act, conduct, statement, advertisement or other activity by VWGoA which is alleged to have induced Mr. and Mrs. Fickes to purchase their vehicle.  The Complaint refers only to VWGoA's conduct at "the time of the original sale in 2004" (*Id*., ¶ 11), four years before the Plaintiffs first laid eyes on the vehicle.  Even with respect to that period of time, the Complaint offers nothing beyond a conclusory boilerplate allegation that VWGoA "***at the time of the original sale in 2004*** . . . represented to the public that the Vehicles . . . were in good condition and fit for their intended purpose."  (*Id*., ¶ 11)  As to these alleged statements and representations, there is no specification of when and how each was made, to whom, or the substance or content of each.  Later, in paragraph 34, this claim is expanded into several subparagraphs.  However, these allegations, like the rest of the Complaint, completely fail to state "the circumstances constituting the fraud with particularity," in violation of Rule 9(b).  Similarly, Plaintiffs vaguely refer to warnings, but fail to claim what warnings should have been given, how or when.  Paragraph 32 parrots the conclusory allegation that VWGoA engaged in "affirmative

misrepresentations, omissions and practices," without specifying in any manner what these so-called "misrepresentations, omissions, and practices" were.   In short, the Complaint completely fails to comply with Rule 9(b) as to the core of Plaintiffs' First "Cause of Action" and must, therefore, be dismissed.

> **b.  The Complaint makes no factual allegations establishing a plausible causal nexus between defendant's alleged unspecified deceptive conduct in 2004 and Plaintiffs' claimed damage in 2011, as required under Rule 8.   In fact, the Complaint fails even to make a plausible factual allegation of deceptive conduct or statements that would comply with Rule 8, let alone Rule 9(b)'s heightened particularity requirements.**

As the Supreme Court has recently made clear, under Rule 8, where "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In ruling on this Motion to Dismiss, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Airlines, Inc.*, 326 F. 3rd 1183, 1185 (11th Cir. 2003)   There must be allegations of a "specific factual basis for the conclusions asserted, or else the court will dismiss the complaint." *Jackson v. Bellsouth Telecoms*, 372 F. 3d 1250, 1263 (11th Cir. 2008)

The elements of a FDUTPA claim are (1) a deceptive or unfair practice; (2) ***causation***; and (3) actual damages. *Third Party Verification, Inc. v. Signaturelink*, 492 F. Supp. 2d 1314, 1326 (M.D. Fla. 2007).   There must be probable, and not just possible damage causation. *Zlotnick v. Premiere Sales Group, Inc.*, 480 F. 3d 1281, 1284 (11th

Cir. 2007), <u>quoting</u> *PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So. 2d 773, 774 (Fla. 2003).

§501.211(1) provides for "actual damages" for a person "who has suffered a loss as a result of a violation of this part." Florida courts have consistently rejected claims "for the recovery of nominal damages, speculative losses, or compensation for subjective feelings of disappointment." *Rollins Inc. v. Butland*, 951 So. 2d 860, 873 (Fla. 2d DCA 2006), *citing In Re Crown Auto Dealerships, Inc.*, 187 B.R. 1009, 1018-19 (Bank M.D. Fla. 1995); *Marcias v. HBC of Fla., Inc.*, 694 So. 2d 88, 90 (Fla. 3d DCA 1997). Additionally, no consequential damages, such as repair losses, are available under the statute. *See Rollins, Inc.*, 951 So. 2d at 869; *Ft. Lauderdale Lincoln Mercury, Inc., v. Corgnati*, 715 So. 2d 311, 314 (Fla. 4th DCA 1998)(only damages attributable to be diminished value of goods and services received, but not consequential damages.)

With respect to Rule 8, the Complaint sets forth no specific factual allegations articulating a causal nexus between VWGoA's unspecified "express and implied representations" in 2004, which supposedly induced the original sale of Plaintiffs' vehicle to an unidentified third person, and either Plaintiffs' own purchase of that vehicle more than four years later from a Chrysler dealer on the used car market or the replacement of the vehicle's fuse box another three years down the road. Plaintiffs do not even allege what representations were made to the original purchasers, by whom, when and how they were made and the content of each. These fatal deficiencies are more apparent when considering the fact that two separate and independent vehicle purchase transactions occurred between the alleged unspecific representation of Defendant and Plaintiffs'

purchase of the used vehicle - - the original sale to an unidentified third person, and that third person's sale of the vehicle, used, to a Chrysler dealership. Plaintiffs' failure to plead the requisite facts establishing the essential element of causation between the alleged unspecified representation and the alleged damages warrants dismissal of the Complaint.

Additionally, dismissal is warranted because there is no allegation in the Complaint as to when the heat damage allegedly seen in Plaintiffs' fuse box occurred, and in particular whether that damage was already present at the time of their 2008 purchase. Likewise, apart from a boilerplate conclusory allegation that the prior owner could not have known of the alleged fuse box "defect" (*id*., ¶ 9), no allegation in the Complaint seeks to address the prior maintenance and ownership history of the Fickes' vehicle in the four years it spent on the road before their purchase. Significantly, the Complaint does not even indicate whether the allegedly defective fuse box is the original component as installed on the vehicle when manufactured or was modified between 2004 and 2011.

Moreover, the Complaint does not even make a plausible allegation that any statement allegedly made by VWGoA with respect to the Fickes vehicle was false or deceptive. Plaintiffs merely assert a conclusory allegation that VWGoA represented to the public that "at the time of the original sale in 2004 . . . the Vehicles containing the defectively designed fuse box/alternator cable assembly were in good condition and fit for their intended purpose." (Complaint, ¶ 11) This constitutes nothing more than a

time-barred warranty-type allegation, itself bereft of sufficient facts, attempted to be masqueraded as a FDUTPA claim.

Lastly, the Complaint fails to establish that the Fickes' vehicle was not in good condition and fit for its intended purpose. In fact, Plaintiffs' own pleaded allegations establish otherwise. The Complaint establishes that the vehicle was operated without incident from 2004, when it was sold to the first purchaser, through June 2011, when the Fickes' fuse box was replaced even though it had never failed or malfunctioned as alleged in the Complaint. Accordingly, under the Complaint's own allegations the vehicle remained, even at the time of repair in 2011, "in good condition and fit for [its] intended purpose." (See Point III, *infra*.) VWGoA submits that a statement or representation which was true when made and remained true for at least the next eight years cannot, under FDUTPA, due process or simple logic, plausibly be alleged to constitute a "deceptive act or practice."

In short, whether measured against the applicable provisions of Rule 9(b), or even Rule 8, as expounded in *Twombly*, the FDUTPA claim asserted in the First "Cause of Action" fails to state a claim upon which relief may be granted and must be dismissed.

2.  **PLAINTIFF'S SECOND "CAUSE OF ACTION," FOR NEGLIGENCE, SEEKS ECONOMIC LOSS ONLY AND THUS FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED. IT MUST BE DISMISSED UNDER FLORIDA'S ECONOMIC LOSS DOCTRINE**

Plaintiffs' Second "Cause of Action" (Complaint, ¶¶ 40-44) alleges a claim for Negligence. However, no personal injuries or damage to any property other than the vehicle itself are alleged. In fact, Plaintiffs' proposed class definition expressly excludes

"any entity who has an action for damages for personal injury or death or property damage . . ." (Complaint, ¶ 20)   The firmly established and reaffirmed Economic Loss Doctrine in Florida bars this claim.

In *Florida Power & Light Co. v. Westinghouse Electric Corp.*, 510 So. 2d 899, 901 (Fla. 1987), the Supreme Court of Florida, following the leading decisions in *E. River S.S. Corp. v. Transamerica Delaval*, 476 U.S. 858 (1986) and *Seely v. White Motor Co.,* 63 Cal. 2d 9, 403 P.2d 145, 45 Cal. Rptr. 17 (1965), held that "a manufacturer in a commercial relationship has no duty under either a negligence or strict products liability theory to prevent a product from injuring itself."  See also, e.g., *Action Nissan, Inc. v. Hyundai Motor America*, 617 F. Supp. 2d 1177, 1192 (M.D. Fla. 2008)(Economic Loss Doctrine applies "where there is a defect in a product but causes **no personal injury or damage to other property**.")  617 F. Supp. 2d at (emphasis added).  <u>See</u>, *Nationwide Mut. v. Ft. Myers Total Rehab. Center*, 657 F. Supp. 2d 1279, 1288-1289 (M.D. Fla. 2009).

In *Indemnity Ins. Co. of North America v. American Aviation, Inc.,* 891 So. 2d 532, 536 (Fla. 2004) the Florida Supreme Court, in answering certified federal court questions, reaffirmed that the Economic Loss Doctrine as promulgated in *Florida Power* "prohibited [the claim] if the only damages suffered are economic losses," and further observed that the "economic loss rule articulated in *Seeley and East River* and adopted by this Court in *Florida Power*, applies even in the absence of privity."   *Id*. at 541.   *Casa Claire Condominium Assoc., Inc. v. Charlie Toppino and Sons, Inc.*, 620 So. 2d 1244, 1247 (Fla. 1993)("therefore, we again hold contract principles more appropriate than tort

principles for recovering economic loss without an accompanying physical injury or property damage.")

Accordingly, the economic loss doctrine bars Plaintiffs from asserting a negligence claim for damage allegedly sustained to the product itself.  The Negligence claim asserted in the second count of the Complaint, seeking recovery solely for damage to the subject vehicle, must be dismissed pursuant to Florida's Economic Loss Doctrine.

     3.    **PLAINTIFFS, LIKE MANY IF NOT MOST PUTATIVE CLASS MEMBERS, HAVE NOT EXPERIENCED ANY MANIFESTATION OF THE CLAIMED "DEFECT" AND, LACKING ACTUAL DAMAGES, CANNOT STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

An essential element of any civil claim is <u>actual</u> damages, a requirement which the courts have stressed with respect to FDUTPA claims.  *Shibeta v. Lim,* 133 F. Supp. 2d 1311, 1317 (M.D. FL. 2000)*, citing, In re Crown Dealerships, Inc.,* 187 B. R. 1009 (M.D. 1995).  The Complaint alleges that failure of the fuse box can "cause the vehicle to lose power while underway in traffic or to catch fire." (I*d.,* ¶ 1)  However, Plaintiffs do not claim that their vehicle experienced either of these phenomena, or indeed any manifestation of the alleged defect whatever at any time.  Paragraph 1 invokes this "no injury" concept by including vehicles which have not failed but are "***at risk*** of melting or burning, thereby causing or ***threatening*** to cause the vehicle to lose power while underway in traffic or to catch fire."  Paragraph 19 removes all doubt, including in the class persons "who have the defective assemblies where the fuse box/alternator cable has <u>not yet</u> melted or burned."  (emphasis added).

Specifically, according to the Complaint, the June 2011 fuse box replacement on the Fickes' vehicle was performed by a dealer, at its own initiative, when Mr. Fickes brought the vehicle in to repair a problem with their rear window.  (*Id.*, ¶ 12)   There is no allegation that the fuse box in the Fickes' vehicle ever caused their vehicle to "lose power while underway in traffic or to catch fire." (*Cf, id.*, ¶ 1)   On the contrary, it remained functional at all times during their ownership, and was still functional when the dealer advised them to replace it in June 2011, three years after they bought the vehicle used and nearly eight years after the vehicle was initially sold to a first retail purchaser.  No claim for relief lies on these facts as plead.

Florida is among the overwhelming majority of jurisdictions which reject such "no harm" claims under any theory, and accordingly will not entertain putative classes which would include them:

> *. .. [T]he class representative in this case seeks compensation not only for class members whose brakes have manifested a deficiency, but also for those whose brakes have performed satisfactorily.  . . . The majority of jurisdictions . . .consistently have denied class recovery on the type of theory the class representative presses in this case.* See, e.g., *Briehl v. Gen. Motors Corp.*, 172 F.3d 623, 628 (8th Cir. 1999) (applying Mississippi, New York, Pennsylvania, and Texas law); *Angus v. Shiley, Inc.,* 989 F.2d 142, 147-48 (3d Cir. 1993) (applying Pennsylvania law); *Willett v. Baxter Int'l, Inc.*, 929 F.2d 1094, 1099-1100 (5th Cir. 1991) (applying Louisiana law); *Carlson v. Gen. Motors Corp.*, 883 F.2d 287, 298 (4th Cir. 1989) (applying South Carolina law); *Am. Suzuki Motor Corp. v. Super. Ct.*, 37 Cal. App. 4th 1291, 44 Cal. Rptr. 2d 526 (Cal. Ct. App. 1995); *Ford Motor Co. v. Rice*, 726 So. 2d 626, 627, 631 (Ala. 1998); *Yu v. IBM Corp.,* 314 Ill. App. 3d 892, 732 N.E.2d 1173, 247 Ill. Dec. 841 (Ill. App. Ct. 2000); *Capital Holding Corp. v. Bailey*, 873 S.W.2d 187, 192 (Ky. 1994); *Chin v. Chrysler Corp.*, 182 F.R.D. 448 (D. N.J. 1998); *Barbarin v. Gen. Motors Corp.*, No. 84-0888, 1993 U.S. Dist. LEXIS 20980, 1993 WL 765821 (D. D.C. Sept. 22, 1993);

> *Feinstein v. Firestone Tire & Rubber Co.*, 535 F. Supp. 595
> (S.D.N.Y. 1982). Although we did so after the trial court certified
> the class in this case, ***we have firmly aligned ourselves with this
> majority jurisprudence.*** See *Ortiz*[*v. Ford Motor Co.*], 909 So. 2d
> 479 [(Fla. 3rd DCA 2005)].

*Kia Motors Am. Corp. v. Butler*, 985 So. 2d 1133, 1139 (Fla. 3rd DCA. 2008). <u>See,</u>

*Daugherty v. American Honda Motor Co.*, 144 Cal. App. 4th 824, 828 (2006).

Plaintiffs' individual allegations, which fail to establish that the alleged "defect" manifested in their own vehicle, must be dismissed. The class allegations of the Complaint must be dismissed insofar as they may purport to include persons whose vehicles have not malfunctioned or otherwise manifested the alleged "defect." Accordingly, dismissal of Plaintiffs' claims, both on their own behalf and as putative class "representatives," is required.

<u>**CONCLUSION**</u>

For the foregoing reasons, both the individual claims of Plaintiffs, and with them all putative class claims, must be dismissed.

Respectfully submitted,

s/ Michael D. Begey
LARRY M. ROTH, ESQ.
Florida Bar No. 0208116
lroth@rumberger.com
MICHAEL D. BEGEY, ESQ.
Florida Bar No. 0120928
mbegey@rumberger.com
RUMBERGER, KIRK & CALDWELL
A Professional Association
Lincoln Plaza, Suite 1400
300 South Orange Avenue
Post Office Box 1873
Orlando, Florida 32802-1873
Telephone:   (407) 872-7300

Telecopier:   (407) 841-2133

JEFFREY L. CHASE, ESQ.
(*Pro Hac Vice* Admission)
jchase@herzfeld-rubin.com
MICHAEL B. GALLUB, ESQ.
(*Pro Hac Vice* Pending)
mgallub@herzfeld-rubin.com
HERZFELD & RUBIN, P.C.
125 Broad Street
New York, New York 10004
Telephone:   (212) 471-8500
Telecopier:   (212) 344-3333

*Attorneys for Defendant,*
*Volkswagen Group of America, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 29, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:   **J. Andrew Meyer at ameyer@forthepeople.com, Scott Wm. Weinstein at sweinstein@forthepeople.com, and Tamara Carsten Givens at tgivens@forthepeople.com, Charles Schneider at cschneider@masonlawdc.com,  and  Nicholas  A.  Migliaccio  at nmigliaccio@masonlawdc.com.**  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:  **Martha B. Schneider**, Schneider & Schneider, 4616 Butterworth Place N.W., Washington, D.C.  20016**.**

s/ Michael D. Begey
LARRY M. ROTH, ESQ.
Florida Bar No. 0208116
lroth@rumberger.com

MICHAEL D. BEGEY, ESQ.
Florida Bar No. 0120928
mbegey@rumberger.com
RUMBERGER, KIRK & CALDWELL
A Professional Association
Lincoln Plaza, Suite 1400
300 South Orange Avenue
Post Office Box 1873
Orlando, Florida  32802-1873
Telephone:    (407) 872-7300
Telecopier:    (407) 841-2133

JEFFREY L. CHASE, ESQ.
(*Pro Hac Vice* Admission)
jchase@herzfeld-rubin.com
MICHAEL B. GALLUB, ESQ.
(*Pro Hac Vice* Pending)
mgallub@herzfeld-rubin.com
HERZFELD & RUBIN, P.C.
125 Broad Street
New York, New York 10004
Telephone:    (212) 471-8500
Telecopier:    (212) 344-3333

*Attorneys for Defendant,*
*Volkswagen Group of America, Inc.*

15